ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

SEP - 4 2008

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

DENISE VAN BEVER,                    :
                                     :
        Plaintiff,                   :
                                     :
                                     :   CIVIL ACTION FILE
v.                                   :
                                     :   NO. 2 08-CV-0182-WCO
GC SERVICES LIMITED                  :
PARTNERSHIP, a Delaware             :
partnership,                         :
                                     :
        Defendant.                   :
_____    :

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.      This is an action for damages against the defendant for violations of the

Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and

supplemental state law claims.

### SUBJECT MATTER JURISDICTION

2.      Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §

1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

- 1 -

3.   This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to

hear and decide any related State law issues.


## PARTIES AND PERSONAL JURISDICTION

4.   Plaintiff is a resident of this State, District and Division and is authorized by

law to bring this action.

5.   Defendant GC SERVICES LIMITED PARTNERSHIP is a limited

partnership formed under the laws of the State of Delaware with its

principle place of business in Texas.  [Hereinafter, said Defendant is

referred to as "GC SERVICES."]

6.   GC SERVICES is subject to the jurisdiction and venue of this Court.

7.   GC SERVICES may be served by personal service upon its registered agent

in Georgia to wit: C T Corporation System, 1201 Peachtree Street NE,

Atlanta, Georgia, 30361.

8.   Alternatively, GC SERVICES may be served by personal or substitute

service pursuant to the Federal Rules of Civil Procedure and, as applicable,

the laws of the states of Georgia, Texas or Delaware.

## FACTS COMMON TO ALL CAUSES

9.  GC SERVICES uses the mails in its business.

10. GC SERVICES uses telephone communications in its business.

11. The principle purpose of GC SERVICES's business is the collection of debts.

12. GC SERVICES regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

13. GC SERVICES is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

14. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, GC SERVICES communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

15. On or about March 2008, an agent of GC SERVICES left a series voice messages for Plaintiff requesting a return call.

16. The calls were made by an agent of GC SERVICES located in California.

17.     In the March 2008 telephone messages, GC SERVICE's caller did not state
        the company she worked for.

18.     In the March 2008 telephone messages, GC SERVICE's caller did not state
        that the communication was from a debt collector.

19.     In the March 2008 telephone messages, GC SERVICE's caller did not state
        that the communication was an attempt to collect a debt.

20.     The March 2008 telephone messages conveyed a false sense of urgency.

21.     The language which conveyed a false sense of urgency, includes the
        following:

22.         GC SERVICE's caller would state that the Plaintiff had two
            hours to return the call.

23.         GC SERVICE's caller would state that Plaintiff "need[ed] to
            get in contact with [the caller] today," or words to that effect.

24.         GC SERVICE's caller would state that the caller had "to make
            a decision on this matter," or words to that effect.

25.     When the Plaintiff returned the calls, the agent of GC SERVICES told
        Plaintiff that there was a $50,000 lien on her house.

26.     There is not a $50,000 dollar lien on the Plaintiff's house.

27.     The alleged creditor has no lien at all on Plaintiff's house.

28.     The statement that there was a lien on Plaintiff's house was intended to

harass, oppress and abuse the Plaintiff.

29.     GC SERVICES failed to send the written notice of consumer rights to the

Plaintiff as required by the Fair Debt Collection Practices Act.

30.     Defendant's communications violate the Fair Debt Collection Practices Act.

31.     Plaintiff has complied with all conditions precedent to bring this action.


## CAUSES OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

32.     The acts of Defendant constitute violations of the Fair Debt Collection

Practices Act.

33.     Defendant's violations of the FDCPA include, but are not limited to, the

following:

34. Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

35. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

36. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

37. The false representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment or sale of any property unless such action is lawful and the debt collector or creditor intends to take such action, in violation of 15 U.S.C. § 1692e(4);

38. The threat to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

39.     The use of any false representation or deceptive means to

        collect or attempt to collect any debt, in violation of 15 U.S.C.

        § 1692e(10);

40.     The failure to provide disclosures, including (but not limited

        to) the disclosures that the communication is from a debt

        collector, in violation of 15 U.S.C. § 1692e(11);

41.     The use of unfair or unconscionable means to collect or attempt

        to collect any debt, in violation of 15 U.S.C. § 1692f; and

42.     Failure to effectively communicate the statement of consumer's

        rights mandated by 15 U.S.C. § 1692g.

43.   As a result of Defendant's actions, Plaintiff is entitled to an award of actual,

      general and statutory damages, as well as an award of costs and attorney

      fees.

## COUNT TWO: ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIF. CIVIL CODE §§ 1788 ET SEQ.

44. The Defendant's actions constitute violations of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to:

45.     Failure to comply with all of the provisions of Sections 1692b to 1692j of the Federal Fair Debt Collection Practices Act, in violation of California Civil Code § 1788.17.

46. As a result of the Defendant's actions, the Plaintiff is entitled to an award of actual, general and statutory damages, as well as an award of costs and attorney fees.

## COUNT THREE: VIOLATION OF STATE TORT LAW

47. The acts described above constitute abusive collection, conversion and tortious infliction of emotional distress under State law.

48. As a result of defendant's actions, Plaintiff is entitled to relief including, but not limited to,  1) actual damages, including general damages for mental suffering, distress, embarrassment, worry and concern,  2) costs,  3) a reasonable attorney's fee, and  4) an award of punitive damages to penalize

and punish defendant and to deter defendant from repeating such actions again in the future.

## COUNT FOUR: GEORGIA FAIR BUSINESS PRACTICES ACT

49.   Defendant's actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

50.   As a result of the defendant's actions, Plaintiff is entitled to an award of actual, general, treble and exemplary damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a)   That Plaintiff be awarded actual, general, statutory, treble and exemplary damages;

b)      That Plaintiff be awarded the expenses of litigation including a

reasonable attorney fee;

c)      That the Court declare each and every defense raised by Defendant to

be insufficient; and

d)      That the Court grant such further and additional relief as is just in the

circumstances.

Respectfully submitted,

THE LAW OFFICE OF KRIS SKAAR, P.C.

by:      _____

Kris Skaar
Attorney for Plaintiff
Georgia Bar No. 649610

P.O. Box 1478 ● Marietta, GA 30061-1478
331 Washington Avenue ● Marietta, GA  30060
voice (770) 427 - 5600 ● fax (770) 427 - 9414
krisskaar@aol.com